UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JOYCE ANN GREEN,

       Plaintiff,                       CIVIL ACTION NO. 09-11099

  v.                                  DISTRICT JUDGE JULIAN ABELE COOK

COMMISSIONER OF               MAGISTRATE JUDGE MARK A. RANDON
SOCIAL SECURITY,

       Defendant.
_____/

**REPORT AND RECOMMENDATION**
**ON CROSS-MOTIONS FOR SUMMARY JUDGMENT**

**I.    PROCEDURAL HISTORY**

    *A.    Proceedings in this Court*

On March 24, 2009, Plaintiff filed the instant suit seeking judicial review of the Commissioner's decision disallowing benefits (Dkt. No. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), this matter was referred to the undersigned for the purpose of reviewing the Commissioner's decision denying Plaintiff's claim for a period of disability insurance and Supplemental Security Income benefits (Dkt. Nos. 2, 9). This matter is currently before the Court on cross-motions for summary judgment (Dkt. Nos. 11, 14).

    *B.    Administrative Proceedings*

Plaintiff filed the instant claims on December 14, 2004, alleging that she became unable to work on December 15, 2003 (Tr. 48, 165). The claim was initially disapproved by the Commissioner on February 11, 2005 (Tr. 39). Plaintiff requested a hearing and on April 18, 2007, Plaintiff appeared without counsel before Administrative Law Judge (ALJ) Regina

Sobrino, who considered the case *de novo*. In a decision dated August 2, 2007, the ALJ found that Plaintiff was not disabled (Tr. 20). Plaintiff requested a review of this decision on September 10, 2007 (Tr. 17). The ALJ's decision became the final decision of the Commissioner when, after the review of additional exhibits[1] (AC-1-4, Tr. 7), the Appeals Council, on January 23, 2009, denied Plaintiff's request for review (Tr. 3); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).

In light of the entire record in this case, I find that substantial evidence supports the Commissioner's determination that Plaintiff is not disabled. Accordingly, it is **RECOMMENDED** that Plaintiff's motion for summary judgment be **DENIED**, Defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

## II.     STATEMENT OF FACTS

### A.     *ALJ Findings*

Plaintiff was 38 years old at the time of the most recent administrative hearing (Tr. 28). Plaintiff's past relevant work history included work as a fast food worker, cleaner and direct care worker (Tr. 28). The ALJ applied the five-step disability analysis to Plaintiff's claim and found at step one that Plaintiff had not engaged in substantial gainful activity since December 15, 2003 (Tr. 25). At step two, the ALJ found that Plaintiff had the following "severe" impairments: degenerative joint disease, carpal tunnel syndrome, obstructive sleep apnea, obesity, perfusion

---

[1] In this circuit, where the Appeals Council considers additional evidence but denies a request to review the ALJ's decision, since it has been held that the record is closed at the administrative law judge level, those "AC" exhibits submitted to the Appeals Council are not part of the record for purposes of judicial review. *See Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996). Therefore, since district court review of the administrative record is limited to the ALJ's decision, which is the final decision of the Commissioner, the court can consider only that evidence presented to the ALJ. In other words, Appeals Council evidence may not be considered for the purpose of substantial evidence review.

defect with normal ejection fraction and anxiety (Tr. 25-26). At step three, the ALJ found no evidence that Plaintiff's combination of impairments met or equaled one of the listings in the regulations (Tr. 26). Between steps three and four, the ALJ found that Plaintiff had the Residual Functional Capacity (RFC) to:

> "lift, carry, push and pull 5 pounds frequently and 10 pounds occasionally. She is able to stand/walk 2 hours per 8-hour work day. She is able to sit up to 8 hours per 8-hour work day. She should have the ability to alternate sitting and standing at will. She should not climb ladders, ropes, or scaffolds. She can climb stairs and stoop rarely. She should not kneel, crouch or crawl. She is limited to frequent (not constant) handling, fingering, and feeling. She should not operate foot or leg controls or drive as a work duty. She should not be exposed to hazards or vibration. She should not be exposed to extremes of temperature or humidity. She is limited to performing simple, routine work. She should not have to make change as a work duty" (Tr. 26).

At step four, the ALJ found that Plaintiff could not perform her previous work as a fast food worker, cleaner or direct care worker (Tr. 28). At step five, the ALJ denied Plaintiff benefits, because the ALJ found that Plaintiff's RFC permitted her to perform a significant number of jobs available in the national economy, such as assembler (6,500 jobs available in the economy), inspector (2,000 jobs available) and reception clerk (1,000 jobs available) (Tr. 29).

### B. *Administrative Record*

Plaintiff has a limited education; she completed eleven grades in school, but was not enrolled in special education (Tr. 28, 66, 240, 245). Plaintiff testified that she was functionally illiterate and unable to read a newspaper, saying other people helped her read and complete administrative forms and documents (Tr. 240-41). Plaintiff had previously described herself as being able to read and understand English, and write more than her name in English, and in her past work she wrote and completed reports (Tr. 28, 61, 63, 72-73). She said she had difficulty calculating change when shopping (Tr. 241).

Plaintiff performed semi-skilled work in the past as a direct care worker (Tr. 28, 72-73). She said she stopped working because her back, knees, and carpal tunnel syndrome flared up (Tr. 62, 242). She described engaging in extremely limited daily activities (Tr. 77-79, 248-50). The medical record contains a single reference from September 2003, in which she reported feeling depressed and having difficulty falling asleep (Tr. 117-18). Plaintiff was not prescribed any psychotropic medications or referred for mental health examination or treatment at that time (*Id.*).

An April 2007 examination record describes Plaintiff as complaining of "anxiety," for which she was prescribed medication (Xanax) (Tr. 126-27). Previous records from the same treating source contain no mention of either anxiety or Xanax (Tr. 128-46).

The ALJ asked Timothy Shaner, the vocational expert at Plaintiff's administrative hearing, whether jobs existed that Plaintiff could perform given her education if she were capable of a limited range of sedentary work, which did not require that she make change as a part of her work duties (Tr. 253-54). Mr. Shaner testified that such an individual could perform a significant number of jobs including work as an assembler, inspector, or reception clerk (Tr. 254-55). These jobs required no more than "very simple" reading and writing skills (Tr. 255). A significant number of these jobs could be performed by an individual who was functionally illiterate, with less than third grade reading and writing abilities (Tr. 255). These jobs all required that the worker complete a normal workday and work week, missing no more than one day a month (Tr. 255-56).

C.      ***Plaintiff's Claims of Error***

Plaintiff's sole argument before the Court is that the ALJ erred in properly considering her severe mental impairments and their effect on her ability to work on a regular and sustained

basis. *See* Plaintiff's Brief at 6-9 (Dkt. 11). Plaintiff does not contest the ALJ's decision that she could perform the physical requirements of a limited range of sedentary-level work. Therefore, the Court will only consider arguments relating to Plaintiff's mental impairments.[2]

## III. DISCUSSION

### A. *Standard of Review*

In enacting the Social Security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being arbitrary and capricious. *See Sullivan v. Zebley*, 493 U.S. 521 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *See Bowen v. Yuckert*, 482 U.S. 137 (1987). If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Id.*; *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir. 1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499

---

[2] "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to ... put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997).

F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may...consider the credibility of a claimant when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility.") (quotation marks omitted); *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence."). "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers*, 486 F.3d at 247.

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475. "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts."

*Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted), citing, *Mullen*, 800 F.2d at 545.

The scope of this Court's review is limited to an examination of the record only. *See Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *See Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record. *See Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. Appx. 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed.Appx. 521, 526 (6th Cir. 2006).

### B. Governing Law

The "[c]laimant bears the burden of proving [her] entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *accord, Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed.Appx. 515, 524 (6th Cir. 2003). There are several benefits programs under the Act, including the Disability Insurance Benefits Program ("DIB") of Title II (42 U.S.C. §§ 401 *et seq.*) and the Supplemental Security Income Program ("SSI") of Title XVI (42 U.S.C. §§ 1381 *et seq.*). Title II benefits are available to qualifying wage earners who become disabled prior to the expiration of their insured status; Title XVI benefits are available to poverty stricken adults and

children who become disabled. F. Bloch, *Federal Disability Law and Practice* § 1.1 (1984).
While the two programs have different eligibility requirements, "DIB and SSI are available only for those who have a 'disability.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). "Disability" means:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also*, 20 C.F.R. § 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined through the application of a five-step sequential analysis:

> Step One: If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two: If the claimant does not have a severe impairment or combination of impairments, that "significantly limits...physical or mental ability to do basic work activities," benefits are denied without further analysis.
>
> Step Three: If the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.
>
> Step Four: If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
> Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that the claimant can perform, in view of his or her age, education, and work experience, benefits are denied.

*Carpenter v. Comm'r of Soc. Sec.*, 2008 WL 4793424 (E.D. Mich. 2008), citing, 20 C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534. "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates." *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work." *Jones*, 336 F.3d at 474, cited with approval in *Cruse*, 502 F.3d at 540. If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Commissioner. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006). At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given [his] RFC and considering relevant vocational factors." *Rogers*, 486 F.3d at 241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

### C. Analysis and Conclusions

When Plaintiff applied for Social Security disability benefits, she primarily alleged that she was unable to work due to physical impairments affecting her back, left knee, and right hand; she also described experiencing asthma and emphysema, and said she had difficulty concentrating (Tr. 61-62). The majority of the medical evidence of record concerns Plaintiff's physical complaints (Tr. 88-96, 103, 105-64). The ALJ made a detailed finding as to Plaintiff's capacity for the exertional, postural, environmental, and other physical requirements of work, restricting her to a limited range of sedentary work (Tr. 26).

As stated earlier, Plaintiff does not contest the ALJ's assessment of her physical impairments, or the ALJ's assessment that she could perform the physical requirements of a

limited range of sedentary level work. Plaintiff's sole argument is that the ALJ erred in assessing her mental impairment.

Defendant avers that the record contains very little evidence of mental impairment. Plaintiff points to a "Function Report" Plaintiff completed in January 2005, in which she described difficulty "with concentration and focus and problems from a mental standpoint." Plaintiff does not identify any medical evidence in the record before the ALJ, other than the fact that she was prescribed anxiety medication in April 2007, and had been described as depressed in September 2003. *See* Plaintiff's Brief at 9.

Defendant argues that the ALJ reasonably concluded that Plaintiff was mildly to moderately impaired with respect to concentration, persistence, or pace, but could nevertheless perform simple, routine work that did not require that she make change (Tr. 26). Defendant observes that Plaintiff is correct in observing that in January 2005 she completed a form in a manner that described herself as having problems paying attention and remembering things, following spoken instructions, and getting along with other people including persons in authority (Tr. 82). However, Defendant points out that Plaintiff's subjective allegations of such limitations were not sufficient to establish that she could not perform work of the level the ALJ attributed to her.

The medical record does contain a single reference to Plaintiff as exhibiting depression, in September 2003 (Tr. 117-18). However, the record does not show that this assessment was based on anything other than Plaintiff's description of herself as feeling depressed and having difficulty falling asleep. *Id.* Plaintiff was not prescribed any psychotropic medications or referred for mental health examination or treatment at that time.

The only other mention in the medical records of emotional difficulties appears three and one-half years later. An April 2007 examination record describes Plaintiff as complaining of "anxiety," for which she was prescribed medication (Xanax) (Tr. 126-27). Previous records from the same treating source covering the preceding year contain no mention of either anxiety or Xanax (Tr. 128-46).

Defendant's arguments are well-taken. The record before the ALJ did not contain any medical professional's opinion that Plaintiff's ability to work was significantly restricted as a result of mental impairment. Based on the evidence, the ALJ reasonably concluded that Plaintiff experienced mildly to moderately impaired concentration, persistence, or pace, but could nevertheless perform simple, routine work which did not require that she make change (Tr. 26). Plaintiff also states that she began treating with mental health professionals "a few months after the ALJ denial." Plaintiff's Brief at 9 (citing Tr. 211-24). However, the Court must affirm the Commissioner's conclusions unless it determines that the Commissioner failed to apply the correct legal standards or made findings of fact unsupported by substantial evidence in the record. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). The evidence Plaintiff submitted to the Appeals Council simply was not a part of the record before the ALJ. The ALJ issued his decision in August 2007 (Tr. 29). Plaintiff submitted to the Appeals Council records indicating treatment she received from November 2007 through May 2008 (Tr. 211-24). These records describe Plaintiff as exhibiting schizoaffective disorder (Tr. 211-13, 218).

Because these records were not a part of the record before the ALJ, they cannot provide the basis for a decision that the ALJ's decision was not supported by substantial evidence. *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996). The evidence Plaintiff submitted to the Appeals Council can only be considered within the context of determining whether it warrants

remand under the sixth sentence of 42 U.S.C. § 405(g) for the consideration of new and material evidence. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).

Plaintiff bears the burden of showing that a remand is appropriate for the consideration of new and material evidence. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Plaintiff fails to advance any argument why the materials she submitted to the Appeals Council warrant remand under the sixth sentence of 42 U.S.C. § 405(g).

Remand is not warranted for the consideration of the medical records Plaintiff submitted to the Appeals Council and cites in her brief, because those records are not material to the issues before the ALJ. These records are not time relevant, as they are all describe Plaintiff's condition after the ALJ's August 2007 decision. *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). They do not contain a single mention of Plaintiff's condition prior to the ALJ's decision, and do not date their findings back to the relevant period. Moreover, these records describe Plaintiff as exhibiting schizoaffective disorder. The records of treatment Plaintiff received prior to the ALJ's decision contain no mention of such diagnosis; instead, they contain only isolated references to anxiety and depression.

In sum, after review of the record, I conclude that the decision of the ALJ, which ultimately became the final decision of the Commissioner, is within that "zone of choice within which decision makers may go either way without interference from the courts," *Felisky*, 35 F.3d at 1035, as the decision is supported by substantial evidence.

## III. RECOMMENDATION

Based on the foregoing, it is **RECOMMENDED** that Plaintiff's motion for summary judgment be **DENIED**, that Defendant's motion for summary judgment be **GRANTED** and that the findings and conclusions of the Commissioner be **AFFIRMED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

S/Mark A. Randon
MARK A. RANDON
UNITED STATES MAGISTRATE JUDGE

Dated: May 5, 2010

### CERTIFICATE OF SERVICE

*I hereby certify that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on May 5, 2010.*

S/Melody R. Miles
*Case Manager to Magistrate Judge Mark A. Randon*
*(313) 234-5542*