UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOYCE ANN GREEN,

        Plaintiff,

                                      Case No. 09-11099
v.                                    Honorable Julian Abele Cook, Jr.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

ORDER

In this case, the Plaintiff, Joyce Ann Green ("Green"), has challenged a final decision by the Defendant, Commissioner of Social Security ("Commissioner"), who had rejected her application for Social Security supplemental income ("SSI") and disability insurance benefits ("DIB"). Relying upon the provisions of Rule 56 of the Federal Rules of Civil Procedure, both parties have filed separate motions for summary judgment, with each side of this controversy proclaiming that there are no genuine issues of a material fact to be resolved by the Court in this legal proceeding.

On May 5th of this year, Magistrate Judge Mark A. Randon, to whom these two dispositive motions were submitted for an evaluation, produced a report in which he recommended that the Court (1) deny Green's motion for summary judgment, and (2) grant the Commissioner's motion for summary judgment.

Noting that neither party has filed any objections to the now-pending report as of this date, and for the reasons that have been set forth below, the Court adopts Magistrate Judge Randon's report, as well as his recommendation, in full.

1

I.

Green, who was thirty-eight years old at the time of the most recent administrative hearing, has held a variety of jobs, including employment as a fast food sandwich maker, housekeeper, and direct care worker. She filed her claim for disability benefits on December 14, 2004, proffering an onset disability date of December 15, 2003. When her application was denied, Green sought and subsequently obtained a hearing before an administrative law judge on April 18, 2007. However, her application for relief was rejected several months later by the administrative law judge who, in a decision on August 2, 2007, concluded that her medical condition which she had described as "severe," did not meet or medically equal one of the impairments in Appendix 1, Subpart P of the Social Security regulations. Moreover, a vocational expert, in responding to a hypothetical question from the administrative law judge during the hearing, opined that there were approximately 9,500 jobs (e.g. assembler, inspector, and reception clerk) within the regional economy that a person with Green's limitations could perform. Ultimately, the administrative law judge concluded that, although Green did not have the capacity to return to her past employment, she was able to perform work within the national economy according to the standards of the Social Security Act.

Green's request for a review was rejected by the Appeals Council on January 23, 2009. Feeling aggrieved, she initiated this lawsuit, seeking to obtain a judicial review of the decision by the Commissioner on the basis of 42 U.S.C. § 405(g).

II

The Social Security Act defines a disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period

of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). When evaluating disability insurance benefit claims, Social Security regulations prescribe a five-step inquiry which should be undertaken by a district court. *See* 20 C.F.R. § 404.1520. The Sixth Circuit Court of Appeals has explained this analysis in the following manner:

> The claimant must first show that she is not engaged in substantial gainful activity. Next, the claimant must demonstrate that she has a "severe impairment." A finding of "disabled" will be made at the third step if the claimant can then demonstrate that her impairment meets the durational requirement and "meets or equals a listed impairment." If the impairment does not meet or equal a listed impairment, the fourth step requires the claimant to prove that she is incapable of performing work that she has done in the past. Finally, if the claimant's impairment is so severe as to preclude the performance of past work, then other factors, including age, education, past work experience, and residual functional capacity, must be considered to determine if other work can be performed. The burden shifts to the Commissioner at this fifth step to establish the claimant's ability to do other work.

*Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001) (internal citations omitted).

If a claimant - such as Green - seeks to obtain a review of the Commissioner's denial of benefits, she must initiate a lawsuit in a federal district court pursuant to 42 U.S.C. § 405(g), which provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

However, when reviewing a claim for Social Security benefits under § 405(g), the district court is constrained to determine only if the administrative law judge (1) rendered a decision that is supported by substantial evidence and (2) applied the correct legal standards. *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). Substantial evidence is defined as that which a reasonable mind could accept as adequate to support a conclusion. *Kincaid v. Comm'r of Soc. Sec.*, No. 08-14526, 2010 WL 376283, at *2 (E.D. Mich. January 25, 2010) (quoting *Brainard v. Sec'y of Health &*

3

*Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989)). Moreover, the Court must limit its review to the administrative record and should not attempt to evaluate the merits of the case *de novo*, resolve conflicts in the evidence, or make credibility determinations. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (citations omitted).

### III.

In her motion for a summary judgement, Green argues that the administrative law judge made an erroneous determination with respect to her disability because of inaccuracies within the hypothetical question that were proffered to the vocational expert. Specifically, she maintains that the administrative law judge "erred by failing to properly consider [her] severe mental impairment . . . [and its effect] . . . on [her] ability to initiate, complete or sustain substantial, gainful employment on a regular and sustained basis . . . ."

The Commissioner challenges this argument by submitting that the administrative law judge did consider Green's physical limitations as well as her "mildly to moderate impaired concentration, persistence, or pace." The Commissioner also noted that the official record in this action does not contain any medical documentation which would support Green's contention that her ability to work was significantly restricted by her mental impairment.

As a fundamental proposition, the responses by a vocational expert to a hypothetical question which pertain to an applicant's physical and mental constraints can constitute substantial evidence to support a determination by an administrative law judge regarding a claimant's ability or disability perform work within the national economy. *Varley v. Sec'y of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). However, the hypothetical question must incorporate all of a claimant's physical and mental limitations. *Redfield v. Comm'r of Soc. Sec.*, 366 F. Supp. 2d 489, 497 (E.D. Mich. 2005). It should also be noted that the duty of an administrative law judge

4

to assess a claimant's credibility only requires the questioner to incorporate into the hypothetical question those limitations that are objectively credible. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003).

Green had been described as having been depressed since September 2003. However, it appears that this claim of depression was not based upon anything other than a self analysis and description of her emotional well being as well as an inability to fall asleep. Although Green was the recipient of prescribed anxiety medication in April 2007, earlier medical records from the same treating source which covered the preceding year contain no mention of anxiety.

Green also submitted records to the Appeals Council which (1) described her as having exhibited a schizoaffective disorder, and (2) indicated that she had received professional treatment between November 2007 and May 2008. However, these medical records fail to support Green's claim of disability, in that they describe her condition subsequent to the rendition of the challenged decision by the administrative law judge on August 2, 2007. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993) (plaintiff cannot rely upon evidence to establish claim of disability if it is not time relevant). These records are the first documents to mention Green's claim of an emotional disorder. Moreover, none of them contain any comment of her condition prior to the entry of the administrative law judge's decision. Significantly, these documents were not a part of the official record that had been presented to the administrative law judge. Hence, none of them can serve as a basis for challenging the Commissioner's conclusions.

Finally, the Court concludes that the medical evidence which had been presented to the administrative law judge does not support Green's allegations of a disability that is recognizable by the Social Security Act. Rather, the medical evidence suggests that she - contrary to her argument before this Court - was able to perform work with limited physical and cognitive

demands.

IV.

Following its review of the official record in this case, the Court is satisfied that the decision by the administrative law judge to deny Green's application was supported by substantial evidence. Hence, and for the reasons that have been stated above, the Court will, and does adopt the report of the magistrate judge, and his recommendation, in full.

IT IS SO ORDERED.

Dated: August 11, 2010                  s/Julian Abele Cook, Jr.
      Detroit, Michigan                 JULIAN ABELE COOK, JR.
                                                         United States District Court Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on August 11, 2010 .

                                                                     s/ Kay Doaks
                                                                     Case Manager